■ In the Matter of LEONARD LAWRENCE, Respondent. FOREST HILLS GENERAL HOSPITAL, Appellant.— Appeal from an order directing appellant, pursuant to section 295 of the Civil Practice Act, to appear for examination as to the nature of the treatment accorded by it to respondent, and as to the names of the doctors, nurses and persons in its employ who assisted therein. Order reversed, without costs, and motion denied, without prejudice to a renewal on proper papers. The supporting affidavits should be made by persons who have knowledge of the facts and should contain all the presently available proof as to the specific nature of the injuries alleged to have been sustained and the cause thereof. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Beldock and Murphy, JJ., dissent and vote to affirm, with the following memorandum: There is no statute or rule of law which requires an affidavit of the moving party or of a physician to support a motion made pursuant to the provisions of section 295 of the Civil Practice Act. Here the forthright statement of the attorney for the moving party is sufficient when obviously made in good faith and in an honest desire to ascertain the facts before proceeding against a prospective defendant or defendants for the purpose of protecting his client's rights.

■ In the Matter of ISIDORE ROSENTHAL, Respondent, against ROBERT C. WEAVER, as State Rent Administrator, Appellant.— Proceeding to review a determination of the State Rent Administrator which denied a protest against an order of the local rent administrator of the Brooklyn local rent office reducing the rent of a housing accommodation. The appeal is from an order of the Special Term annulling the determination of the State Rent Administrator and revoking the order of the local rent administrator. Order of the Special Term reversed, with $10 costs and disbursements, determination of the State Rent Administrator reinstated and confirmed, and order of the local rent administrator reinstated. The reduction of rent was based on deterioration and on the existence of building violations (*Matter of Picture Realty Corp.* v. *Abrams*, 3 A D 2d 698). There is no proof in the record which warranted setting aside the determination of the State Rent Administrator on the ground that the building is exempt from control, or that the violations have been cleared, or for any other reason. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ NAT J. MEISTER, Appellant, v. SALVATORE TURCO et al., Respondents. — In an action to recover damages for injuries to person and property, the appeal is from a judgment entered on a jury verdict dismissing the complaint. The injuries were received as the result of a collision of motor vehicles, which occurred while appellant was making a left turn in his motor vehicle across the path of respondents' motor vehicle. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ MADLINE A. MILLER, Respondent, v. CHARLES MILLER, Appellant.— Appellant's application to modify a judgment of separation so as to eliminate therefrom the provision for the payment of alimony was referred to an Official Referee to hear and determine. The application was granted to the extent of reducing the alimony from $25 to $15 a week commencing April 1, 1957, on condition that appellant within a specified time, pay the arrears of alimony for the period from January 1, 1957 to March 31, 1957. The appeal is from the order entered thereon. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.